IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D
7-23-08
JUL 2 3 2008

JUDGE JAMES B. ZAGEL
UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 277 |
| v. ) | |
| ) | Hon. James B. Zagel |
| FERNANDO PALOMINO-CORTEZ ) | |

PLEA DECLARATION

The defendant, FERNANDO PALOMINO, after extensive consultation with his attorney, MARY H. JUDGE, acknowledges and states the following:

1. The indictment in this case charges Fernando Palomino with illegal reentry by a deported alien, in violation of Title 8, United States Code, Section 1326(a); and Title 6, United States Code, Section 202(4).

2. Mr. Palomino has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

3. Mr. Palomino fully understands the nature and elements of the crimes with which he has been charged.

4. Mr. Palomino will enter a voluntary plea of guilty to the indictment.

Factual Basis

5. Mr. Palomino will plead guilty because he is in fact guilty of the charges contained in the indictment. In pleading guilty, Mr. Palomino

acknowledges the following:

On or about March 21, 2008, at Wood Dale, in the Northern District of Illinois, Eastern Division, FERNANDO PALOMINO-CORTEZ, an alien who previously had been deported and removed from the United States on or about May 11, 2007, was present and found in the United States without having obtained the express consent of the Secretary of the Department of Homeland Security for readmission into the United States.

Specifically, Mr. Palomino acknowledges that he is a native and citizen of Mexico and has no claim to United States citizenship or lawful residence. He was born in Mexico on January 5, 1974. On or about October 16, 1992, Mr. Palomino was convicted in the Superior Court of California, County of San Diego, of armed robbery and was sentenced to three years in prison. On or about May 11, 2007, he was deported from the United States to Mexico at El Paso, Texas. Mr. Palomino most recently reentered the United States at or near El Paso, Texas, in or about December 2007 without being inspected, or admitted after inspection, by an officer of Immigration and Customs Enforcement. Defendant further acknowledges that he did not apply for or receive permission to reenter the United States.

2

Potential Penalties

6. Mr. Palomino understands that the charge to which he is pleading guilty carries a maximum penalty of 20 years' imprisonment, a maximum fine of $250,000, and a term of supervised release of not more than three years.

7. Mr. Palomino understands that pursuant to Title 18, United States Code, Section 3013, he will be assessed $100 on the count to which he has pled guilty, in addition to any other penalty imposed.

8. Mr. Palomino understands that the Court will be guided by the United States Sentencing Guidelines. He understands that the Guidelines are no longer mandatory, but are advisory only, and that the Guidelines are merely one of several factors listed under Title 18, United State Code, Section 3553(a). Mr. Palomino understands the Court must consider these factors in order to determine a reasonable sentence that is sufficient but not greater than necessary to comply with the goals of sentencing.

Mr. Palomino understands that the government may take the position that Mr. Palomino is in an advisory guideline range of 77 to 96 months based on an adjusted offense level of 21 and a criminal history category VI.

9. Mr. Palomino understands that the Probation Department will conduct its own investigation, that the Court ultimately determines the facts and

law relevant to sentencing, and that the Court's determinations govern the final advisory guideline calculation.

Trial Rights and Appellate Rights

11. Mr. Palomino understands that by pleading guilty he surrenders certain rights, including the following:

(a) If he persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of

defendant's guilt beyond a reasonable doubt, and that it was to consider each count of the indictment separately.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and him attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in him own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent and, therefore, need not prove him innocence. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from him refusal to testify. If defendant desired to do so, he could testify in him own behalf.

12. Mr. Palomino understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. By pleading guilty Mr. Palomino admits he is guilty and agrees that he should be found guilty. Mr. Palomino's attorney has explained those rights to him, and the consequences of him waiver of those rights. Mr. Palomino further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of him plea of guilty or the sentence.

Limitations and Consequences of him Plea Declaration

13. Mr. Palomino understands that the United States Attorney's Office will fully apprize the District Court and the United States Probation Office of the nature, scope and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Palomino further understands that he will be able to present evidence in mitigation at the time of sentencing.

14. Mr. Palomino understands that at the time of sentencing, the government and defense counsel will both be free to make their respective recommendations to the Court, as they deem appropriate.

15. Should this Court refuse to accept Mr. Palomino's plea of guilty, this Plea Declaration shall become null and void and he will not be bound hereto. It

is the defendant's position that, should the Court reject his plea, Mr. Palomino withdraws his plea of guilty pursuant to Rule 11 of the Federal Rule of Criminal Procedure. Additionally, pursuant to Rule 11(f) and Federal Rule of Evidence 410, his Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings.

16. If accepted, Mr. Palomino agrees that his Plea Declaration shall be filed and become part of the record of his case.

17. Mr. Palomino and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Mr. Palomino further acknowledges that he has read his Plea Declaration and carefully reviewed each provision with his attorney.

Signed this 23rd day of July, 2008

_____
Fernando Palomino-Cortez, Defendant

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy,
Executive Director

By: _____
Mary H. Judge
Attorney for Fernando Palomino

FEDERAL DEFENDER PROGRAM
55 East Monroe Street
Suite 2800
Chicago, IL 60603
(312) 621-8336